**Rafik ZAKHARYAN, Anzhela Zakharyan, Asmik Zakharyan, Petitioners,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

Nos. 06–0365–ag to 06–0367–ag.

United States Court of Appeals, Second Circuit.

July 20, 2007.

Irina Kogan, Brooklyn, NY, for Petitioners.

Michael Z. Gurland, Assistant United States Attorney (Edmund Chang and Craig A. Oswald, on the brief), for Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Chicago, IL, for Respondent.

Present: ROSEMARY S. POOLER, BARRINGTON D. PARKER, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioners Rafik Zakharyan, Asmik Zakharyan, and Anzhela Zakharyan, ethnic Armenian citizens of the Republic of Georgia, seek review of the December 28, 2005, decision of the Board of Immigration Appeals ("BIA") affirming the October 11, 2002, decision of Immigration Judge ("IJ") Barbara Nelson denying Petitioners' claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Rafik Zakharyan*, No. A. 95 369 236 (B.I.A. Dec. 28, 2005), *aff'g* No. A. 95 369 236 (Immig. Ct. N.Y. City Oct. 11, 2002); *In re Asmik Zakharyan*, No. A. 95 369 237 (B.I.A. Dec. 28, 2005), *aff'g* No. A. 95 369 237 (Immig. Ct. N.Y. City Oct. 11, 2002); *In re Anzhela Zakharyan*, No. A. 95 369 238 (B.I.A. Dec. 28, 2005), *aff'g* No. A. 95 369 238 (Immig. Ct. N.Y. City Oct. 11, 2002).[1] We assume the parties' familiarity with the facts, procedural history, and specification of issues on review.

Where, as here, the BIA adopts and affirms the IJ's decision, we review the IJ's decision directly. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 131 (2d Cir. 2006). We review de novo the IJ's legal conclusion that the evidence presented by Petitioners was insufficient to satisfy their burden of proof. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003).

Petitioners challenge only the IJ's denial of their withholding of removal claim. We agree with the IJ that the evidence presented by Petitioners was insufficient to establish a "clear probability that [their] li[ves] or freedom would be threatened" on account of a protected ground if returned

to Russia. *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir.2000) (internal quotation marks omitted). First, because Petitioners were ordered removed to Russia and not Georgia, we consider only that evidence that bears on the alleged persecution they would face if removed to Russia. Although Petitioners repeatedly testified that they have encountered "big problems" in Russia, the only specific details that emerged were that they were stopped by police who would check their documents and demand bribes, and their daughter was taunted in school. Although such incidents are unfortunate, they are more properly categorized as harassment rather than persecution. *See Edimo–Doualla v. Gonzales*, 464 F.3d 276, 281 (2d Cir.2006) (noting that persecution does not include "mere harassment" (citation omitted)). Petitioners were able to obtain legal status in Russia and had Russian passports that enabled them to leave the country whenever they chose. Mr. Zakharyan, in fact, frequently traveled overseas and then voluntarily returned to Russia. Furthermore, he testified that the purpose of those trips was to obtain work, not to flee persecution. Finally, when specifically asked whether he suffered any harm in Russia from the Cossacks, Mr. Zakharyan's response was only that they demanded money from him. Although there may be instances where demands for money are made in a manner that may rise to persecution, in this case Petitioners' testimony was too vague and general regarding the specific threat they faced in Russia to carry their burden of proof.

The same is true with regard to Mrs. Zakharyan's claim of religious persecution. The record indicates that she was able to practice her religion in Russia, which in-

---

1. Because Anzhela Zakharyan's case has been reopened by the agency, her appeal is no longer before us. This order decides only the petitions for review filed by Rafik and Asmik Zakharyan.

cluded proselytizing by going door-to-door and talking about the religion. There is no evidence that Petitioners suffered any negative treatment in Russia on account of their religious beliefs. The only specific detail to which Mrs. Zakharyan testified was that she could not freely display literature in her house because others might see it and be insulted. This again is insufficient to carry their burden of proof.

Accordingly, the petition for review is DENIED. Having completed our review, Petitioners' pending motion to stay the order of removal is DENIED as moot.